HADDON, District Judge,
concurring:
I join in the decision to reverse approval of the settlement for the reasons clearly stated in Judge Gould’s well-written opin *1169 ion. However, class counsels’ actions in orchestrating and advocating the disparate incentive award scenario without any concern for, or even recognition of, the obvious conflicts presented underscore, in my opinion, that class counsel were singularly committed to doing whatever was expedient to hold together an offer of settlement that might yield, as it did, an allowance of over $16 million in lawyers’ fees.[1]
Such adherence to self-interest, coupled with the obvious fundamental disregard of responsibilities to all class members— members who had little or no real voice or influence in the process — should not find favor or be rewarded at any level. Although within the discretion of the district court in the first instance, I conclude that class counsel should be disqualified from participation in any fee award ultimately approved by the district court upon resolution of the case on the merits.

. The total fees approved were $16,747,147.68.-